## MARTIN v. PITTSBURG AND LAKE ERIE RAILROAD COMPANY.

### ERROR TO THE SUPREME COURT OF THE STATE OF OHIO.

No. 66.   Argued October 26, 29, 1906.—Decided December 3, 1906.

In the absence of action by Congress a State may by statute determine, and either augment or lessen a carrier's liability, and such a statute limiting the right of recovery of certain classes of persons does not deprive a person injured thereafter of a vested right of property. *Pennsylvania Railroad Co.* v. *Hughes,* 191 U. S. 477.

Although a citizen of the United States has a right to travel from one State to another, in the absence of Congressional action, he does not possess as an incident of such travel the right to exert in a State in which he may be injured a right of recovery not given by the laws thereof, although that right may be given by the laws of other States including the one in which suit is brought. A classification with a railroad company's employés of all persons, including railway postal clerks, not passengers, but so employed in and about the railroad as to be subject to greater peril than passengers, is not so arbitrary as to deprive the railway postal clerk of the equal protection of the laws within the meaning of the Fourteenth Amendment.

The Pennsylvania statute of April 4, 1868, P. L. 58, providing that any person, not a passenger, employed in and about a railroad but not an employé, shall in case of injury or loss of life have only the same right of recovery as though he were an employé, is not void, either because contrary to the power delegated to Congress to establish post offices and post roads; or because repugnant to the commerce clause of the Constitution; or in conflict with the due process or equal protection clauses of the Fourteenth Amendment; or because it abridges the privileges and immunities of citizens of the United States.

Whether a railway postal clerk is a passenger or whether his right of recovery is limited by such statute is not a Federal question.

72 Ohio St. 659, affirmed.

REUBEN L. MARTIN brought this action to recover compensation for personal injuries. At the time Martin was injured he was on a train of the railroad company, in the employ of the United States as a railway postal clerk on a route extending from Cleveland, Ohio, to Pittsburg, Pennsylvania. The

injuries arose from the derailing in Pennsylvania of the train, by the negligence of the crew of a work train, in permitting a switch leading to a side track to be open. Among other defenses the company pleaded a law of Pennsylvania, passed April 4, 1868 (P. L. 58), which, it alleged, was applicable and relieved from responsibility. In reply the plaintiff denied the existence and applicability of the statute, and· moreover, defended on the ground that the statute, if existing and applicable, was void; first, because contrary to the power delegated to Congress to establish post offices and post roads; second, because repugnant to the commerce clause of the Constitution; and, third, because in conflict with the equal protection and due process clauses of the Fourteenth Amendment, and also the clause prohibiting a State from making or enforcing any law which shall abridge the privileges or immunities of citizens of the United States.

On trial before a jury the court held the statute in question to be applicable and valid, and hence operative to defeat a recovery. A verdict and judgment in favor of the railroad company was severally affirmed by the Circuit Court and by the Supreme Court of the State of Ohio. 72 Ohio St. 659.

*Mr. Charles Koonce, Jr.*, with whom *Mr. Robert B. Murray* and *Mr. William S. Anderson* were on the brief, for plaintiff in error:

Prior to the enactment of the statute everyone lawfully on a train who was not in fact an employé of the company was, and had the rights of a passenger in Pennsylvania. *Lockhart* v. *Lichtenthaler*, 46 Pa. St. 151, 159; *Pennsylvania Railroad Co.* v. *Henderson*, 51 Pa. St. 315, 326; *Creed* v. *Railroad Co.*, 86 Pa. St. 139; *Railroad Co.* v. *Myers*, 55 Pa. St. 288. And it was so held in this court. *Railroad Co.* v. *Derby*, 14 How. 468; *Railroad Co.* v. *Gleason*, 140 U. S. 435.

The same rule has been announced without exception in every other jurisdiction. *Calvin* v. *Southern Pac. Co.*, 136 Fed. Rep. 592; *Southern Pacific Co.* v. *Schuyler*, 135 Fed. Rep.

1015; *Arrowsmith* v. *Railroad Co.*, 57 Fed. Rep. 165; *Collett* v. *London, &c., R. R. Co.*, 15 Jur. 1053, *S. C.*, 16 Ad. & El. N. S. 948, *S. C.*, 16 Q. B. 984; *Mellor* v. *Railroad Co.*, 105 Maryland, 460; *Magoffin* v. *Railroad Co.*, 102 Missouri, 540; *Seybolt* v. *Railroad Co.*, 95 N. Y. 562; *Blair* v. *Railroad Co.*, 66 N. Y. 564; *Yeomans* v. *Navigation Co.*, 44 California, 71; *Hammond* v. *Railroad Co.*, 6 S. Car. 130; *Railroad Co.* v. *State*, 72 Maryland, 36; *Railroad Co.* v. *Klingman* (Ky.), 35 S. W. Rep. 464; *Railroad Co.* v. *Crudup*, 63 Mississippi, 291; *Railroad Co.* v. *Ketchum*, 133 Indiana, 346; *Railroad Co.* v. *Shott*, 92 Virginia, 34.

It was also the established law of Pennsylvania that a common carrier could not by contractual stipulation relieve himself of liability for the negligence of himself or his servants, whereby those carried by him were injured. *Railroad Co.* v. *Lockwood*, 17 Wall. 357; 368, citing *Laing* v. *Colder*, 8 Pa. St. 479; *Pennsylvania R. R. Co.* v. *Henderson*, 51 Pa. St. 315.

This is true even though the injured one so seeking to recover for such negligence was in charge of freight, and the evidence of his right to be transported was denominated a "free ticket." *Pennsylvania Railroad Co.* v. *Henderson*, 51 Pa. St. 315; *Railroad Co.* v. *Lockwood*, 17 Wall. 357.

The act is in violation of the interstate commerce clause of the Federal Constitution, article 1, section 8. The authority of Congress to legislate with reference to the establishment of post offices and post roads and all matters of an executive and administrative character pertaining thereto, is exclusive. *In re Debs*, 158 U. S. 564, 583; *Gilman* v. *Philadelphia*, 3 Wall. 713–725. The United States have a property in the mails. *In re Debs*, 158 U. S. 593; *Searlight* v. *Stokes*, 3 How. 151.

The transmission of the United States mails, and those having charge thereof, from one point to another are not only subjects of interstate commerce, but the duties of the latter, as railway postal clerks, and the rules and regulations prescribing them, having their source exclusively in the Federal Government, and being, as such, liable to Federal authority only, they are constituted by such conditions subjects wholly

national in their character and, concerning the rights, duties and liabilities governing the same, there can, necessarily, be but one uniform system or plan of regulation.

When this is true, the rulings of the Supreme Court of the United States have been uniform that the legislative authority vests only in Congress to regulate such subjects, and an attempt on the part of a state legislative body so to do is beyond its power, and invalid. And where the power of Congress to regulate is exclusive the failure of Congress to make express regulations indicates its will that the subject shall be left free from any restrictions or impositions; and any regulation of the subject by the States, except in matters of local concern only, is repugnant to such freedom. *Robbins* v. *Shelby Taxing District*, 120 U. S. 489–493; *Gibbons* v. *Ogden*, 9 Wheat. 1, 222; *Passenger Cases*, 7 How. 283, 462; *State Freight Cases*, 15 Wall. 232, 279; *Railroad Co.* v. *Husen*, 95 U. S. 465, 469; *Welton* v. *Missouri*, 91 U. S. 275, 282; *Mobile* v. *Kimball*, 102 U. S. 691, 697; *Brown* v. *Houston*, 114 U. S. 622, 631; *Walling* v. *Michigan*, 116 U. S. 446, 455; *Pickard* v. *Car Co.*, 117 U. S. 34; *Railroad Co.* v. *Illinois*, 118 U. S. 557.

Wherever state laws instead of being of a local nature and not affecting interstate commerce, but incidentally, are national in their character, the non-action of Congress indicates its will that such commerce shall be free and untrammelled, and the case falls within the class of those laws wherein the jurisdiction of Congress is exclusive. *Bridge Co.* v. *Kentucky*, 154 U. S. 204, 212; *Brown* v. *Houston*, 114 U. S. 622; *Bowman* v. *Railroad Co.*, 125 U. S. 465.

Subject to certain exceptions only, which exceptions pertain in no respect to subjects of a national character, the States have no right to impose restrictions, either by way of taxes, discrimination or regulation of commerce between the States. *Bridge Co.* v. *Kentucky*, 154 U. S. 204, 212; *Claire County* v. *Interstate Transfer Co.*, 192 U. S. 454. To the same effect see also: *Crutcher* v. *Kentucky*, 141 U. S. 47; *Hanely* v. *Railroad Co.*, 187 U. S. 617; *Caldwell* v. *North Carolina*, 187 U. S. 622;

*Kelley* v. *Rhoades*, 188 U, S. 1; *Telegraph Co.* v. *Philadelphia,* 190 U. S. 160.

But even if the right of Congress to legislate with reference to the rights and liabilities of the plaintiff were not exclusive, the state statute is in conflict with the interstate commerce clause of the Federal Constitution.

The commerce with foreign nations and between the States, which consists in the transportation of persons and property between them, is a subject of national character, and requires uniformity of regulation. *Gloucester Ferry Co.* v. *Pennsylvania*, 114 U. S. 196.

The transportation of freight and passengers from one State to another, or through more than one State, either by land or by water, is interstate commerce, regardless of the distance from which it comes or to which it is bound, before or after, crossing such state line. The means of transportation and the time of transit are immaterial. *Ferry Co.* v. *Pennsylvania*, 114 U. S. 196; *Steamship Co.* v. *Pennsylvania*, 122 U. S. 326; *Bridge Co.* v. *Kentucky*, 154 U. S. 204; *Kelley* v. *Rhoades*, 188 U. S. 1.

The transportation of freight and passengers from the interior of one State to a point in another State is commerce among the States, even as to that part of the voyage that lies wholly within either State, provided the transportation is under an entire contract for a continuous voyage. *Railway Co.* v. *Illinois*, 118 U. S. 557. A state statute which only assumes to regulate those engaged in interstate commerce while passing through the particular State is nevertheless void because it in effect necessarily regulates and controls the conduct of such persons throughout the entire voyage which stretches through several States. *Hall* v. *DeCuir*, 95 U. S. 485–489.

Any regulation of transportation from State to State, whether upon the high seas, the lakes, the rivers, or upon railroads, or upon artificial channels of communication, operates as a regulation of interstate commerce, and if imposed by a State

is void. *State Freight Tax Case,* 15 Wall. 232. A state statute prohibiting discrimination in rates of carriage of passengers or freight, or in facilities furnished, is void so far as it applies to the interstate transportation of freight and passengers. *Railroad Co. v. Illinois,* 118 U. S. 557.

The interstate passenger is comprehended by the constitutional provision as well as the interstate carrier. *Railway Co. v. Murphey,* 196 U. S. 194, 206. The former utterances of this court in the "separate coach law" cases permit of no other conclusion. *Hall v. DeCuir,* 95 U. S. 485; *Railway Co. v. Mississippi,* 133 U. S. 587; *Plessy v. Ferguson,* 163 U. S. 537; *Railway Co. v. Kentucky,* 179 U. S. 388.

The Pennsylvania statute is invalid because it is in contravention of the Fourteenth Amendment.

The right of contract, and the power to make a contract, are "property" within the meaning of the state and Federal organic law. The privilege of making and entering into contracts is a property right. It is an essential incident to the acquisition and protection of property, and is such right as the legislature may not arbitrarily and without sufficient cause either abridge or take away. *Allgeyer v. Louisiana,* 165 U. S. 578; *Lochner v. New York,* 198 U. S. 45–53; *Cleveland v. Construction Co.,* 67 Ohio St. 197, 219; *Palmer v. Tingle,* 55 Ohio St. 423; *Ritchie v. People,* 155 Illinois, 98; *Low v. Printing Co.,* 41 Nebraska, 127; *Frorer v. People,* 141 Illinois, 171; *State v. Loomis,* 115 Missouri, 307; *Commonwealth v. Perry,* 155 Massachusetts, 117; *People v. Hawkins,* 157 N. Y. 1; *Leep v. Railroad Co.,* 58 Arkansas, 404.

Where rights of property are admitted to exist, the legislature cannot say they shall exist no longer, and so to contend would be to say that one's property may be taken without due process of law. *Pumpelly v. Canal Co.,* 13 Wall. 166; *State v. Julow* (Mo.), 29 L. R. A. 257; *Re Jacobs,* 98 N. Y. 98; *State v. Goodwill,* 33 W. Va. 178. That the right to recover in an action for liability for damages to reputation, cannot be abridged by statute has been established by the adjudica-

tions of a number of courts. *Park* v. *Detroit Free Press Co.*,
72 Michigan, 560; *McGee* v. *Baumgartner*, 129 Michigan, 287;
*Hanson* v. *Krehbeil* (Kans.), 64 L. R. A. 790; *Osborne* v. *Leach*,
135 N. Car. 628. The act is class legislation and void. *Rail-
road Co.* v. *Ellis*, 165 U. S. 150; *Smyth* v. *Ames*, 169 U. S. 466;
*Cotting* v. *Goddard*, 183 U. S. 79; *Railroad Tax Cases*, 13 Fed.
Rep. 722; 18 Fed. Rep. 385; *Passadena* v. *Stinson*, 91 California,
238; *Lunnan* v. *Hutchinson Bros. Co.*, 46 L. R. A. 393; *State*
v. *Walsh*, 35 L. R. A. 231; *Ex parte Leo Jentzsch*, 32 L. R. A.
664; *Stratton* v. *Morris* (Tenn.), 12 L. R. A. 70; *Dixon* v. *Poe*,
60 L. R. A. 308; 33 L. R. A. 589, 592; *Railroad Co.* v. *Taylor*,
86 Fed. Rep. 168; Cooley on Constitutional Limitations, 393.

*Mr. James P. Wilson*, for defendant in error:

This statute in no manner obstructs or interferes with or
attempts to regulate commerce between the States, and is
not in contravention of art. I, sec. 8, of the Constitution of
the United States. It may be conceded that the carrying
of the United States mails is a matter relating to interstate
commerce, and that the regulation of it rests with Congress.
It is conceded that the plaintiff was in charge of the mails at
the time of his injury. These admitted facts in no manner
affect the question. *Pennsylvania Railroad Co.* v. *Price*,
96 Pa. St. 264; *Railroad Co.* v. *Price*, 113 U. S. 218; *Lake
Shore &c. R. R.* v. *Ohio*, 173 U. S. 258.

The cases cited by plaintiff in error are examples of an
attempt upon the part of a State either to impose a direct
tax upon articles of commerce coming into the State, or at-
tempts to exclude or discriminate against the classes of persons
brought into the State or to impose a tax upon the traffic in
articles carried from another State, and thus to interfere
with interstate commerce. They are all based upon the
principle that a State cannot legislate in such a manner as to
obstruct the free carriage of freight or passengers from State
to State, or to enact laws which have for their tendency the
regulation of such traffic. These authorities are all reviewed

and clearly distinguished in the case of *Railroad* v. *Kentucky*, 116 U. S. 700. See also *Pierce* v. *Van Dusen*, 78 Fed. Rep. 693; *Northern Pacific R. R.* v. *Adams*, 192 U. S. 440; *Boering* v. *C. B. Ry. Co.*, 193 U. S. 442; *Duncan* v. *Maine Ry. Co.*, 113 Fed. Rep. 508.

A State might entirely cut off the right of a beneficiary to recover for wrongful death and such an act might by a parity of the reason deter mail clerks from coming into the State lest, if they be killed, their heirs would have no right to compensation, yet no court would hold that such an act attempted to regulate or interfere with interstate commerce. *Sherlock* v. *Alling*, 93 U. S. 99.

The constitutionality of this statute has been challenged in the case of *Kirby* v. *Railroad Co.*, 76 Pa. St. 506; *Railroad* v. *Price*, 96 Pa. St. 256 and *Miller* v. *Railroad Co.*, 154 Pa. St. 473. The latter case went to the Supreme Court of the United States and is reported in 168 U. S. 131. This statute is clearly within the constitutional rights of the legislature to enact laws which operate equally upon all of a certain class and which affect all persons pursuing the same business under the same conditions, alike. 6 Am. & Eng. Ency. of Law, 2d ed., 970.

Statutes of this nature must not be capricious, arbitrary or unreasonable, but a very large discretion is accorded to the state legislatures and recognized by the Federal courts. *Louisville &c. Ry. Co.* v. *Kentucky*, 161 U. S. 701.

The classification of the statute is not arbitrary and not against public policy. *Voigt* v. *Baltimore & Ohio R. R.*, 176 U. S. 176; *Bates* v. *Old Colony R. R.*, 147 Massachusetts, 255. See *Northern Pacific Railroad Co.* v. *Adams*, 192 U. S. 440; *Boering* v. *Chesapeake Beach R. R. Co.*, 193 U. S. 442.

Mr. Justice White, after making the foregoing statement, delivered the opinion of the court.

We quote the Pennsylvania statute of April 4, 1868, upon which the case turns:

"Be it enacted by the Senate and House of Representatives of the Commonwealth of Pennsylvania in General Assembly met, and it is hereby enacted by the authority of the same, that when any person shall sustain personal injury or loss of life while lawfully engaged or employed on or about the roads, works, depots, and premises of a railroad company, or in or about any train or car, therein or thereon, of which company such person is not an employé, the right of action and recovery in all such cases against the company shall be such only as would exist if such person were an employé, provided that this section shall not apply to passengers."

As the application of the statute, if valid, presents no Federal question, we are unconcerned with that matter, although it may be observed in passing that it is conceded in the argument at bar that under the settled construction given to the statute by the Supreme Court of Pennsylvania the plaintiff, as a railway postal clerk, was not a passenger and had no greater rights in the event of being injured in the course of his employment than would have had an employé of the railroad company.

Was the application of the statute thus construed to a railway postal clerk of the United States, in conflict with the power of Congress to establish post offices and post roads?

In *Price* v. *Pennsylvania Railroad Co.*, 113 U. S. 218, this question was in effect foreclosed against the plaintiff in error. That case was brought to this court from a judgment of the Supreme Court of Pennsylvania, 96 Pa. St. 258, holding that a railway postal clerk was not a passenger within the meaning of the Pennsylvania act, and hence had no right to recover for injuries suffered by him in consequence of the negligence of an employé of the company. The Federal ground there relied upon was substantially the one here asserted; that is, the power of the Government of the United States to establish post offices and post roads, and the effect of the legislation of Congress and the act of the Postmaster General in appointing mail clerks thereunder. After fully considering the subject the case

was dismissed because no substantial Federal ground was involved, the court saying (113 U. S. 221):

"The person thus to be carried with the mail matter, without extra charge, is no more a passenger because he is in charge of the mail, nor because no other compensation is made for his transportation, than if he had no such charge, nor does the fact that he is in the employment of the United States, and that defendant is bound by contract with the Government to carry him, affect the question. It would be just the same if the company had contracted with any other person who had charge of freight on the train to carry him without additional compensation. The statutes of the United States which authorize this employment and direct this service do not, therefore, make the person so engaged a passenger, or deprive him of that character, in construing the Pennsylvania statute. Nor does it give to persons so employed any *right*, as against the railroad company, which would not belong to any other person in a similar employment, by others than the United States."

This brings us to the second contention, the repugnancy of the Pennsylvania statute to the commerce clause of the Constitution. It is apparent from the decision in the *Price case*, just previously referred to, that in deciding that question we must determine the application of the statute to the plaintiff in error, wholly irrespective of the fact that at the time he was injured he was a railway postal clerk. In other words, the validity or invalidity of the statute is to be adjudged precisely as if the plaintiff was at the time of the injury serving for hire in the employ of a private individual or corporation.

Under the circumstances we have stated, the case of *Pennsylvania Railroad Co.* v. *Hughes*, 191 U. S. 477, clearly establishes the unsoundness of the contention that the Pennsylvania statute in question was void because in conflict with the commerce clause. In that case a horse was shipped from a point in the State of New York to a point in the State of Pennsylvania under a bill of lading which limited the right of

·recovery to not exceeding one hundred dollars for any injury which might be occasioned to the animal during the transit. The horse was hurt within .the State of Pennsylvania through the negligence of a connecting carrier. In the courts of Pennsylvania,, applying the· Pennsylvania doctrine which denies the·right of a common carrier to limit its liability for ·injuries resulting from negligence, a ·recovery was had in the sum of ten thousand dollars, the value of the animal. On writ of error from this court, the judgment of the Supreme Court of Pennsylvania was affirmed, it being held that, at least in the absence of legislation by Congress on the subject, the effect of the commerce clause of the Constitution was not to deprive the State of Pennsylvania of authority to legislate as to those within its jurisdiction concerning the liability of common carriers, although such legislation might to some extent indirectly affect interstate commerce. The ruling in the *Hughes case* in effect but reiterated the principle adopted and applied in *Chicago, Milwaukee &c. Ry. Co.* v. *Solan,* 169 U. S. 133, where an Iowa statute forbidding a common carrier from contracting to exempt itself from liability was sustained as to a person who was injured during an interstate transportation.

The contention, that because in the cases referred to, the operation of the state laws, which were sustained, was to augment the liability of a carrier, therefore the rulings are inapposite here, where the consequence of the application of the state statute may be to lessen the carrier's liability, rests upon a distinction without a difference. The result of the previous rulings was to recognize, in the absence of action by Congress, the power of the States to legislate, and of course this power involved the authority to regulate as the State might deem best for the public good, without reference to whether the·effect of the legislation might be to limit or broaden the responsibility of the carrier. In other words, the assertion of Federal right is disposed of when we determine the question of power, and doing so does not involve·considering the wisdom

with which the lawful power may have been under stated conditions exerted.

And the views previously stated are adequate to dispose of the assertion that the Pennsylvania statute is void for repugnancy to the Fourteenth Amendment. If it be conceded, as contended, that the plaintiff in error could have recovered but for the statute, it does not follow that the legislature of Pennsylvania in preventing a recovery took away a vested right or a right of property. As the accident from which the cause of action is asserted to have arisen occurred long after the passage of the statute, it is difficult to grasp the contention that the statute deprived the plaintiff in error of the rights just stated. Such a contention in reason must rest upon the proposition that the State of Pennsylvania was without power to legislate on the subject, a proposition which we have adversely disposed of. This must be, since it would clearly follow, if the argument relied upon were maintained, that the State would be without power on the subject. For it cannot be said that the State had authority in the premises if that authority did not even extend to prescribing a rule which would be applicable to conditions wholly arising in the future.

The contention that because plaintiff in error, as a citizen of the United States, had a constitutional right to travel from one State to another he was entitled, as the result of an accident happening in Pennsylvania, to a cause of action not allowed by the laws of that State, is in a different form to reiterate that the Pennsylvania statute was repugnant to the commerce clause of the Constitution of the United States. Conceding, if the accident had happened in Ohio, there would have been a right to recover, that fact did not deprive the State of Pennsylvania of its authority to legislate so as to affect persons and things within its borders. The commerce clause not being controlling in the absence of legislation by Congress, it follows of necessity that the plaintiff in error, as an incident of his right to travel from State to State, did not possess the privilege, as to an accident happening in Pennsylvania, to exert a cause

of action not given by the laws of that State, and had no immunity exempting him from the control of the state legislation.

The proposition that the statute denied to the plaintiff in error the equal protection of the laws because it "capriciously, arbitrarily, and unnaturally," by the classification made, deprived railway mail clerks of the rights of passengers which they might have enjoyed if the statute had not been enacted, is without merit. The classification made by the statute does not alone embrace railway mail clerks, but places in a class by themselves such clerks and others whose employment in and about a railroad subject them to greater peril than passengers in the strictest sense. This general difference renders it impossible in reason to say, within the meaning of the Fourteenth Amendment, that the legislature of Pennsylvania, in classifying passengers in the strict sense in one class, and those who are subject to greater risks, including railway mail clerks, in another, acted so arbitrarily as to violate the equal protection clause of the Fourteenth Amendment.

*Judgment affirmed.*