## WORKMEN'S COMPENSATION ACT CONSTRUED.

Common Pleas Court of Stark County.

WILLIAM ZUMKEHR, BY HIS NEXT FRIEND, v. THE DIAMOND PORTLAND CEMENT COMPANY.

Decided, March 31, 1913.

*Master and Servant—Construction of Ohio Workmen's Compensation Act—Constitutionality of Provisions Abrogating Defenses—Effect on Defense of Comparative Negligence.*

1. The provisions of Section 21-1 of the Workmen's Compensation Act of 1911 (G. C., 1465-60) abrogating the common law defenses of contributory negligence, assumption of risk and the fellow-servant rule, are not in conflict with any constitutional guaranty.
2. Under the provisions of that act, in an action by an employe for damages for injuries alleged to have been caused by negligence of the defendant, his employer, since January 1, 1912, where it is admitted that the defendant employs five or more workmen or operatives and has not paid into the state insurance fund the premiums provided by the Workmen's Compensation Act, such defendant can not be permitted to plead contributory negligence in its answer, either as a complete defense or as comparative negligence in mitigation of damages under favor of the Norris act (101 O. L., 195).

*Rice & Souers,* for plaintiff.
*Guthery & Guthery* and *McCarty & McClintock,* contra.

DAY, J.

The question raised by this demurrer is as to the right of the defendant to plead in its second defense in the answer facts constituting comparative negligence, when it is admitted that the employer does not contribute to the state insurance fund under the Workmen's Compensation Act, and employs more than five men.

The Workmen's Compensation Act provides that a defendant who employs more than five men in the same line of work, and who does not contribute to the state insurance fund for the benefit of injured employes, shall not have the right to avail himself in case of personal injury, or death, by reason of the wrongful act of the defendant, of the following common law defenses: 1, contributory negligence; 2, assumed risk; 3, the fellow-servant doctrine.

It is contended by this defendant that even though the act in question denies the defendant the right of the common-law defense of contributory negligence, yet he may avail himself of the doctrine of comparative negligence as provided in the Norris act. In other words, that this doctrine of comparative negligence is a statutory provision, and has been recognized by the courts of Ohio; that it is not the so-called principle of contributory negligence, but stands upon a footing of its own; and that by virtue of the Norris act, unrepealed, it is still the law of Ohio.

My attention is called to the case of *The Standard Steel Tube Co.* v. *Prusakicuecz*, 15 C.C.(N.S.), 21. "The effect of the doctrine of comparative negligence is to enlarge the right of action by an employe so as to include cases where he may have been guilty of contributory negligence, provided his contributory negligence is slight in comparison with that of the defendant, or the employer." This case was decided November 25, 1911, prior to the taking effect of the Workmen's Compensation Act under consideration. The effect of that case is to establish the principle and the doctrine of comparative negligence as a fixture in the law of Ohio, and by the effect of the Workmen's Compensation Act its existence is not rendered less secure.

It seems to me the solution of this question is best reached by a consideration of what is the common law doctrine of contributory negligence.

Contributory negligence in its legal significance is such an act or omission on the part of the plaintiff, amounting to a want of ordinary care, as concurring or co-operating with the negligent act of the defendant, is the proximate cause of the injury complained of or in some degree contributes thereto. The general effect of contributory negligence, by the universal rule, was, that if negligence on the part of the party injured contributed to the injury he was not entitled to recover.

From this definition it is deducible that before there can be contributory negligence, there must be negligence upon which to base the same.

Now, what is comparative negligence? Comparative negligence arises where there has been negligence upon the side of the defendant and upon the side of the plaintiff contributing to

the injury, and a comparison of the negligence of the respective parties shows a lesser degree of negligence on the part of the plaintiff than the defendant in order to entitle the plaintiff to recover.

Now this defendant in the case at bar seeks to take advantage of the doctrine of comparative negligence as established by the Norris act. Before there can be comparative negligence there must be contributory negligence upon which to found it. By the Workmen's Compensation Act the common law doctrine of contributory negligence has been eliminated in certain classes of cases, among which is the case at bar.

Assuming it to be a fact that this company does not contribute to the Workmen's Compensation Act, and employs more than five men, and I understand for the purposes of this question that is admitted, and, at any rate, it is averred in the petition, now would it be logical to say that the foundation of comparative negligence having been eliminated by the statute, that the superstructure has not fallen? I think not. When the Legislature saw fit to eliminate contributory negligence from a damage suit as a defense, whatever was built upon the doctrine of contributory negligence must necessarily fall with it.

This has been the view of two common pleas judges in Ohio, that of Judge Stroup in the case of *The Elyria Iron & Steel Company* v. *Taylor,* and of Judge Pierson in the case of *Gerenkr* v. *Kirk-Latta Manufacturing Company;* the conclusion of both courts being that in a case where a defendant sought to avail himself of the doctrine of comparative negligence as established by the Norris act, he must be a contributor to the Workmen's Compensation Act insurance fund and comply with its provisions.

Now, it is said that by reason of the case that I have cited above from the circuit court, decided in November, 1912, that this doctrine of comparative negligence being a fixture in the law of Ohio, and the Norris act not having been repealed, the Workmen's Compensation Act can not therefore eliminate it.

Now, by the Workmen's Compensation Act, when a defendant has complied with the law as to a contribution to the fund, and employs more than five men, then he gets the full benefit of the doctrine of the Norris act; and while he has not the benefits of

the fellow-servant doctrine and of the common law doctrine of contributory negligence, and the law of assumed risk, when he has not yet contributed, yet, when he has complied with the provision of the Workmen's Compensation Act the doctrine of comparative negligence is still available to him; but only is it available to him when he complies with the provisions of the Workmen's Compensation Act. The Norris act is not repealed. The two may be construed in harmony. And if this can be done, if force and effect can be given to both statutes, it is the duty of a court to give it.

Now, my attention has been called to the doctrine that this is a statute in derogation of the common law and therefore should be strictly construed. Indeed I think a strict construction of the act itself, which its plain phraseology requires, would lead one to the conclusion which I must reach in this case; that is, that this demurrer should be sustained, in order to give force and effect to both statutes; and if a construction can be found which gives force and effect to both statutes, it is the duty of the court to apply that construction.

I would be at a loss to understand how a more strict construction of this act in question could be adopted than by adopting its plain phraseology. It is in derogation of the common law because it denies the right of this defendant to these three pleas or defenses; but it denies them under such circumstances as the Legislature, at any rate, in the exercise of its police power, has not deemed unreasonable. If it is in derogation of the common law a strict construction of its letter leads one to conclude that comparative negligence has been left undisturbed, and a fixture upon our damage law of Ohio, when the defendant complies with the Workmen's Compensation Act, and when he has not complied with the Workmen's Compensation Act, a strict construction of the statute requires that the doctrine of contributory negligence, as known to the common law, should be denied him. How can something which is built upon contributory negligence be preserved to a defendant when that upon which it stands has been eliminated? It seems to me to follow that if the foundation has been removed, that which is built upon it, the superstructure, must fall with it.

It is contended that the act is unconstitutional. While I am not furnished with authorities, or given the benefit of counsel's views more than to suggest the question, I feel constrained to say that in view of the liberal construction given to these modern-day statutes by our courts, and in the light of the apparent intent and purpose of the Legislature, as well as the Constitution granting very broad police powers to the Legislature, the same is not in conflict with any constitutional provision.

The application of the United States Supreme Court's decision of the Railway Employes' Act, in the opinion of Mr. Justice Vandeventer, would seem to me to be decisive of the right of the Legislature to pass the act in question.

On page 49 of the U. S. Rep., Vol. 223, is found this language:

"Briefly stated, the departures from the common law made by the portions of the act against which the first objection is leveled are these: (a) the rule that the negligence of one employe resulting in injury to another was not to be attributed to their common employer, is displaced by a rule imposing upon the employer responsibility for such an injury, as was done at common law when the injured person was not an employe; (b) the rule exonerating an employer for liability for injury sustained by an employe through the concurring negligence of the employer and employe, is abrogated in all instances where the employer's violation of a statute enacted for the safety of his employes contributed to the injury, and in other instances is displaced by the rule of comparative negligence, whereby the exoneration is only from a proportional part of the damages corresponding to the amount of negligence attributable to the employe; (c) the rule that an employe was deemed to assume the risk of injury, even if due to the employer's negligence, where the employe voluntarily entered or remained in the service with an actual or presumed knowledge of the conditions out of which the risk arose, is abrogated in all instances where the employer's violation of a statute enacted for the safety of his employes contributed to the injury; and (d) the rule denying a right of action for the death of one person caused by the wrongful act or neglect of another is displaced by a rule vesting such a right of action in the personal representatives of the deceased for the benefit of the designated relatives.

"Of the objection to these changes it is enough to observe: First: *A person has no property, no vested interest, in any rule of the common law. That is only one of the forms of municipal*

*law, and is no more sacred than any other. Rights of property which have been created by the common law can not be taken away without due process; but the law itself as a rule of conduct, may be changed at the will * * * of the Legislature, unless prevented by constitutional limitations. Indeed, the great purpose of statutes is to remedy defects in the common law as they are developed, and to adapt it to the changes of time and circumstances."* Munn v. Ill., 94 U. S., 113, 114; Martin v. P. & L. E. R. R. Co., 203 U. S., 284, 294; The Lottawanna, 21 Wall., 558, 597; W. U. Tel. Co. v. Milling Co., 218 U. S., 406, 417.

In the light of the two decisions of the common pleas courts of this state in different judicial districts, before referred to, and of the principle announced by the Supreme Court of the United States, construing a statute in derogation of the common law, and after a full consideration of the terms of the two acts under consideration, I am brought to the conclusion that the demurrer to this second defense should be sustained.

Exception is preserved for the defendant.