## WEIR et al. v. ROUNTREE.

(Circuit Court of Appeals, Eighth Circuit. October 28, 1909.)

No. 3,086.

1. COMMERCE (§ 10*)—NEGLIGENCE OF CARRIER—LIABILITY—LAW GOVERNING.
    The liability of a railroad company for an injury resulting from its negligence, in the absence of any controlling federal statute relating to interstate commerce, is governed by the law of the state where the injury occurred, whether statutory or the common law as construed by its courts.

    [Ed. Note.—For other cases, see Commerce, Cent. Dig. § 8; Dec. Dig. § 10.*]

2. CARRIERS (§ 307*)—LIABILITY FOR NEGLIGENCE—INJURY TO EXPRESS MESSENGER—CONTRACTS LIMITING LIABILITY.
    Under the provisions of Gen. St. Kan. 1901, §§ 5857, 5858, making railroad companies liable for all damages to persons or property caused by their negligence, and for injuries to employés through their negligence or that of other employés, which, as construed by the Supreme Court of the state, render void any contract limiting such liability, a contract between an express company and a railroad company that the former shall indemnify and save the latter harmless against any liability on account of the injury or death of any employé of the express company while in the cars or about the platforms of the railroad company, whether resulting from its negligence or otherwise, and a second contract between the express company and an employé by which the employé assumes all risks of accidents or injuries while riding on the cars of any railroad, and expressly ratifies the contract between the express company and railroad company, and agrees to save the express company harmless from any liability thereon, wherever such contracts were made, are not available as a defense to an action against the railroad company by the widow of the employé to recover damages for his death, occurring in Kansas through the alleged negligence of the railroad company.

    [Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1252; Dec. Dig. § 307.*

    Limitations of liability for personal injuries to passengers, see note to Clark v. Greer, 32 C. C. A. 301.]

Appeal from the Circuit Court of the United States for the Western District of Missouri.

Suit in equity by Levi C. Weir, W. H. Damsel, and Charles Steele, president and trustees of the Adams Express Company, against Amy J. Rountree. Decree for defendant, and complainants appeal. Affirmed.

E. L. Scarritt (William C. Scarritt and Elliott H. Jones, on the brief), for appellants.

Eugene F. Ware (Biddle & Lardner, Edwin Frieze, and Ware, Nelson & Ware, on the brief), for appellee.

Before SANBORN and VAN DEVANTER, Circuit Judges, and WM. H. MUNGER, District Judge.

WM. H. MUNGER, District Judge. In this case complainants, as president and trustees of the Adams Express Company, filed their bill in the Circuit Court against Amy J. Rountree, alleging that the Adams Express Company entered into a contract with the St. Louis & San Francisco Railroad Company, whereby the railroad company engaged to transport express matter for the Adams Express Company over its line of road, and the employés having charge of the express matter should be transported over the road, for a consideration named, and it was a part of the contract between the said express company and the railroad company that the—

"said express company should indemnify and save harmless the said railroad company from all claims, demands, damages, actions, costs, and charges to which the said railroad company may be subject, or which it may be required to pay by reason of any injury or loss of life suffered or sustained by any agent or employé of the said express company while in, upon, or about any of the cars or station platforms of the said railroad company, whether such injuries or loss of life arise from the negligence of the employés of the said railroad company or otherwise."

The bill further alleged that in January, 1904—

"one H. R. Rountree entered into an agreement in writing with the said express company at the city of Omaha, in the state of Nebraska, for his employment with it as an express messenger, whereby the said Rountree did express and agree that, whereas, the duties of said employment may require that he should be in, upon, or about, or travel on, the cars and conveyances of certain railroad companies and that the said railroad companies require of the said express company as a condition of their permitting said Rountree to be in, upon, or about, or travel on, their cars in the performance of said duties, that they should be indemnified by said express company against and released from all liability for and in respect of any damage or injury which might be sustained by the said Rountree, or for his death, in the course of such employment, whether same be occasioned by the negligence of said railroad companies or otherwise, in consideration of the premises and of his employment as aforesaid at a stipulated rate of compensation he, the said Rountree, did assume all risks of accidents and injuries which he might meet with or sustain in the course of his employment, whether occasioned or resulting by or from the gross or other negligence of any corporation engaged in operating any railroad, or of any employé of any such corporation, or otherwise, and whether resulting in his death or otherwise, and did thereby expressly agree to indemnify and save harmless the said express company of and from any and all claims which might be made against it at any time by any corporation under any agreement which the said express company had theretofore made or might thereafter make, arising out of any claim or recovery by him, the said Rountree, on his part, or by or on the part of his representatives, or any damages sustained by him or them by reason of any injury to him or by reason of his death, whether such injury or death resulted from the gross negligence of any such railroad corporation or any employé of any such corporation or otherwise, * * * and he did thereby expressly ratify all agreements theretofore made by the said express company with any corporation owning any railroad, and especially the said contract hereinbefore mentioned between the said express company and the said St. Louis & San Francisco Railroad Company, relative to the ultimate liability of the said express company to save said railroad company harmless from damages occasioned to the said Rountree through the negligence of the said railroad company or its employés, and he, the said Rountree, did expressly agree to be bound by said agreement as fully as if he were a party thereto."

The bill further alleges that while he was upon the St. Louis & San Francisco Railroad, in charge of certain express matter being carried and conveyed upon the line of said road, and while the said train was near the city of Columbus, in the state of Kansas, on or about February 14, 1906, said train and the car in which the said Rountree was being carried and conveyed as aforesaid was wrecked, and thereby the said Rountree was so injured that his death resulted therefrom a short time thereafter. The bill further alleges that the defendant Amy J. Rountree, widow of said H. R. Rountree, deceased, has commenced an action in the district court of Cherokee county, Kan., against said St. Louis & San Francisco Railroad Company, to recover the sum of $10,000 as her damages alleged to be sustained by reason of the death of said H. R. Rountree, caused by the negligence of said railroad company and its employés, etc. The bill further alleges that the railroad company, in its answer in said action, set forth the contract referred to between the said railroad company and the said express company, and the contract between the express company and said H. R. Rountree, but that the district court of Cherokee county, Kan., has sustained a demurrer to said answer, holding that such contracts were void and did not constitute a defense to said action.

Complainants in their bill pray that the court order and decree that the defendant Amy J. Rountree execute and deliver to the said St. Louis & San Francisco Railroad Company a good and sufficient release, under hand and seal, of all claims, demands, and causes of action arising out of the injury or death of the said H. R. Rountree, hereinbefore referred to, or connected with or resulting therefom, to be of the same force and effect as though the same had been executed by the said H. R. Rountree under his hand and seal during his lifetime, and that a writ of injunction issue, commanding the said Amy J. Rountree, her agents and attorneys, and all persons claiming to act under her authority, direction, or control, to absolutely desist and refrain from prosecuting her said claim against the St. Louis & San Francisco Railroad Company in the district court of Cherokee county, Kan.

To the bill thus filed by complainants the defendant answered, in which she admitted the contract between the express company and the railroad company and the contract between the express company and said H. R. Rountree, exactly as stated in the bill of complaint. Other allegations as to jurisdiction, etc., were admitted. The answer contained the following allegation:

"The defendant says that part of the services of the said H. R. Rountree, besides those of express messenger, as stated in complainant's bill, were the duties of baggage master of the train on which he was employed; that the express company property was carried in the baggage car, and that he not only had charge of the express matter, but also of all of the baggage on the train, consisting of the trunks and property of the passengers, carried in the said baggage car; and that it was part of his duty and employment to care for and handle said baggage. Wherefore defendant alleges that he was an employé of the railroad company, as such baggage master, which was a duty and service separate from the express business, and no part thereof. The defendant says that the said Rountree was killed by, through, and on account of the gross negligence of the said railroad company while he was in its employ as baggage master as aforesaid. Suit was brought on October 5, 1906, against

said railroad company in the said district court of Cherokee county, Kan., a court of general jurisdiction, by this defendant, setting forth that the death of the said Rountree was caused by the gross negligence of the said railroad company in the operation of its trains, and took place while he was in the express and baggage car of the railroad company, in charge of the express matter and of the baggage of the said train, and in the employ of the said express company and in the employ of the said railroad company as baggage master as aforesaid in the said car."

Other allegations were contained in the answer, which are unnecessary to be considered here.

Complainant did not file a replication to said answer, but, on the 7th day of May, 1909, filed a motion as follows (after entitling the case):

"Now come the plaintiffs in the above-entitled cause and respectfully move the court to enter a decree in this cause in their favor, conformable to the prayer of the bill of complaint, upon the allegations of the said bill of complaint and of the admissions and statements of fact contained in the answer of the defendant, for the reason that upon the facts so established the plaintiffs are entitled to the relief prayed for."

Hearing was had on the 8th day of May, and a decree entered that plaintiffs were not entitled to the relief prayed for, from which decree the plaintiffs have taken this appeal.

One reason why plaintiff is not entitled to the relief asked is that the injury and death occurred in the state of Kansas, and the rights of the widow are to be measured according to the laws of that state. We need not stop to inquire whether or not the contract in question was valid according to the laws of Nebraska, where executed, as the widow is not basing her action upon such contract, but upon the statute law of Kansas. Whether such contract is available as a defense to her action we think determinable according to the laws of Kansas.

Penn. R. R. Co. v. Hughes, 191 U. S. 477, 24 Sup. Ct. 132, 48 L. Ed. 268, was a case in which the plaintiff shipped a horse from Albany, in the state of New York, to Cynwyg, in the state of Pennsylvania. The bill of lading contained a clause limiting the carrier's liability to a stipulated value in consideration of the rate paid, the shipper having been offered a bill of lading without such limitation on payment of a higher rate, but he signed a memorandum accepting the contract at the lower rate. The horse was injured in the state of Pennsylvania by reason of the negligence of the carrier. The owner brought suit in the state of Pennsylvania, and the common law, as administered in Pennsylvania, held that such limitations in the contract were invalid. In the state of New York, where the bill of lading was issued, such limitation was valid. The Supreme Court held that the question was a local one, to be administered according to the law of the state where the injury occurred, and, in the absence of a statute, prohibiting limitations of that character in the contract, it was to be governed by the common law, as construed by the courts of that state. It was further held that, as Congress had not, in the exercise of its power over the interstate commerce, legislated with respect to such contracts, that it was open to the states to determine the validity of such a contract. The court cited the case of Chicago, Milwaukee, etc., R. R. Co. v. Solan,

169 U. S. 133, 18 Sup. Ct. 289, 42 L. Ed. 688, and quoted therefrom the following:

"A carrier exercising his calling within a particular state, although engaged in business of interstate commerce is answerable according to the law of the state for acts of nonfeasance or of misfeasance committed within its limits. * * * The rule prescribed for the construction of railroads, and for their management and operation, designed to protect persons and property otherwise endangered by their use, are strictly within the scope of the local law."

The court then said:

"We can see no difference in the application of the principle based upon the manner in which the state requires this degree of care and responsibility whether enacted into a statute or resulting from the rules of law enforced in the state courts. The state has the right to promote the welfare and safety of those within its jurisdiction by requiring common carriers to be responsible to the full measure of the loss resulting from their negligence, *a contract to the contrary notwithstanding.*" (Italics our own.)

Martin v. Pittsburg & Lake Erie Ry. Co., 203 U. S. 284, 27 Sup. Ct. 100, 51 L. Ed. 184, was a case in which a postal clerk was injured by reason of the derailment of a train in Pennsylvania. The statute in that case provided:

"When any person shall sustain personal injury or loss of life while lawfully engaged or employed on or about the roads, works, depots, and premises of a railroad company, or in or about any train or car therein or thereon, of which company such person is not an employé, the right of action and recovery in all such cases against the company shall be such only as would exist if such person were an employé, provided that this section shall not apply to passengers."

It was held that it was a local question, for the state to determine, whether or not the postal clerk was a passenger, and as to the validity of a statute of that character.

Sections 5857 and 5858, Gen. St. Kan. 1901, are as follows:

"Sec. 5857. That railroads in this state shall be liable for all damages done to persons and property, when done in consequence of any neglect on the part of the railroad companies.

"Sec. 5858. Every railroad company organized or doing business in this state shall be liable for all damages done to any employé of such company in consequence of any negligence of its agents, or by any mismanagement of its engineers or other employés to any person sustaining such damage."

The Supreme Court of that state, construing these sections, have held that a railroad company could not contract in advance for the waiver and release of the statutory liability imposed upon every railroad company organized or doing business in that state, and that a contract in contravention of this statute was void, Kansas Pac. Ry. Co. v. Peavey, 29 Kan. 169, 44 Am. Rep. 630; Chicago, Rock Island & Pac. Ry. Co. v. Martin, 59 Kan. 437, 53 Pac. 461. In the latter case it was said:

"It is an action instituted by his widow, as administratrix, under section 418, Gen. St. 1897, for the benefit of herself and the children of the deceased. It is to recover their damages resulting from the death of the husband and father. It is to recover for the injury to them, rather than to the deceased. Against their rights the deceased had no authority to contract. The cause of action for which the plaintiff sues never accrued to him. It could only accrue

as a result of his death. His stipulation, even if binding on himself, is no defense against the statutory right of the plaintiff."

Again, it is apparent from the facts that it was not contemplated that the contract of employment between Rountree and the express company should be wholly performed within the state of Nebraska, where the contract of employment was entered into, but that the service to be rendered was to be in different states. For that reason we think the law of the place of performance, and where the cause of action accrues, should govern. Stone v. U. P. R. R. Co., 32 Utah, 185, 89 Pac. 715. To illustrate: Suppose a railroad company operating a line of road in two or more states should employ A. to render service for it as a brakeman, the contract of employment being made in a state in which A. could recover from the railroad company for an injury caused by the negligence of a fellow servant, and he should sustain an injury in a state in which recovery could not be had because of the negligence of a fellow servant. We do not think that it could be successfully contended in such case that, because the contract was made in the state in which the recovery could be had, it would operate to give him a cause of action in the state where the injury took place, contrary to the laws of such state; and the converse of the rule must also be true.

For the foregoing reasons, plaintiff is not entitled to the relief prayed, and the decree is affirmed.