[No.. 6450.]

## Whittle v. Denver & Rio Grande Railroad Company.

DEATH—*Actions for Negligence Resulting in—Statute Construed*—The station agent of a railroad company charged with the duty to communicate to the conductor and engineer of the several trains the orders of the train dispatcher as to where they are to pass other trains, is managing the trains, within the meaning of Mills Stat. Sec. 1508 (Rev. Stat. Sec. 2056). If by his negligent failure to deliver an order, a collision occurs, and the death of a passenger results, the railway company is liable.

*Error to Denver District Court*—HON. HUBERT L. SHATTUCK, Judge.

Mr. WM J. MILES for plaintiffs in error.

Mr. E. N. CLARK for defendant in error.

Section 1508, Mills' Statutes, is as follows:

"Whenever any person shall die from any injury resulting from or occasioned by the negligence * * * of any officer, agent, servant or employe, whilst running, conducting or managing any locomotive, car or train of cars * * * the corporation * *· * in whose employ any such officer, agent, servant, (or) employe * * * shall be at the time such injury is committed, * * * shall forfeit and pay for every person and passenger so injured the sum of not exceeding five thousand (5,000) dollars and not less than three thousand (3,000) dollars, which may be sued for and recovered,

First: By the husband or wife of deceased; or

Second: If there be no husband or wife, or he or she fails to sue within one year after such death, then by the heir or heirs of deceased; or

Third: If such deceased be a minor or unmarried, then by the father or mother who may join in the suit. * * *."

One Archibald Whittle, while a passenger on a train operated by defendant, was killed by a collision between the train upon which he was riding, and a train also operated by the defendant company. The collision occurred in the night time. Plaintiffs in error, the parents of deceased, brought suit against the defendant company to recover the penalty provided in the statute above quoted. In their complaint they alleged, so far as necessary to notice, in order to present the question we are required to determine, that the trains on the line of defendant's road over which the trains in question were being operated were run, stopped and started by the employes in the immediate charge thereof, and passed each other at designated points, as directed by its train dispatcher stationed at the city of Pueblo, by means of telegraphic directions sent by him to its agents at the various stations along its road, it being the duty of the agent receiving such directions to deliver the same to the conductor and engineer of the approaching train for whose guidance it was intended; that it was the duty of the agent receiving directions to be delivered to the conductor and engineer of an approaching train at night time to display a colored light known to defendant's conductors and engineers as the "stop signal," and in case no message or directions were to be delivered to the employes in charge of such train, to display a white light which such employes knew meant for them to proceed, without stopping at the station where such "proceed signal" was displayed; that the agent of defendant in charge of its station at Swallows, received from the train dispatcher at Pueblo a telegram, directing that the train upon which plaintiffs' son was a passenger should meet and pass another train ap-

proaching from the opposite direction at Beaver, instead of Adobe, as the employes on the train for which such instructions were intended had theretofore been instructed, and that such agent not only failed to signal this train to stop, or deliver to the conductor or engineer the telegraphic direction informing them where they should meet and pass the train approaching from the opposite direction, but left displayed at the station of Swallows the "proceed" signal, which negligence caused the train to pass that station and shortly thereafter to collide with the train which it would have met and passed at Beaver, had the agent at Swallows not been guilty of negligence in the particulars alleged.

To this complaint a general demurrer was interposed, and sustained. Plaintiffs elected to abide by their complaint, whereupon judgment was entered in favor of the defendant, and the action dismissed. Plaintiffs have brought the case here for review on error.

Mr. JUSTICE GABBERT delivered the opinion of the court.

The only question presented for determination is, whether or not the defendant is responsible under the statute for the negligence of its agent at Swallows. According to the averments of the complaint, defendant's trains were run and conducted from point to point along its road by the employes in immediate charge thereof, under the directions of its train dispatcher, communicated to such employes by its station agents, to whom such directions were sent, by means of signals displayed, and delivering to the conductors and engineers of its trains the directions intended to advise them, among other things, where the trains they were operating should meet and pass other trains. Had it been the purpose of the statute to limit its provisions to the employes in the immediate charge of a train, it would have so declared, instead of using

the expression "any officer, agent, servant or employe whilst running, conducting or managing any * * * train of cars." "Managing," as defined by Webster, is "to have under control and direction * * * to guide." The employes in the actual charge of a train stop, start and advance it, and in so doing are running, conducting and managing it; but according to the averments of the complaint they are not in the absolute control or management of the train which they are running or conducting. On the contrary, they advance, stop and start their trains under the directions of the train dispatcher communicated to them by its station agent, to whom such directions are sent, by means of signals displayed and delivering to them the directions of the dispatcher; so that the movement of trains is directed and controlled (1) by those who direct their movements; and (2) by the employes whose duty it is to run their trains in obedience to such directions.

The orders of the train dispatcher can only become effective, and his control over trains exercised, by the agent to whom such orders are sent performing the acts which his duties require. Where he has orders for delivery to a conductor and engineer for their guidance in running their train, he is thereby charged with directing its movements in the manner his duties impose. To the extent that his duties require him to control or direct the movements of a train he is certainly "managing" it. If he fails to discharge these duties, the statute is violated. It was the duty of the agent at Swallows, when he received directions from the train dispatcher advising the conductor and engineer of the train upon which plaintiffs' son was riding that they should meet and pass the train approaching from the opposite direction at Beaver instead of at Adobe, to have displayed the "stop" signal, and delivered to the conductor and engineer the

directions he had received from the dispatcher. To this extent, and for these purposes, the train in question was under his control. The object of the directions sent to him was to prevent the collision that occurred. Had he exercised that control and direction over the train which his duties required, it would have been prevented. From the language of the statute it seems clear that it embraces an employe whose duty it is to control or direct the movement of a train.

The judgment of the district court is reversed, and the cause remanded with directions to overrule the demurrer.

*Judgment reversed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE HILL concur.