SMITH v. ATCHISON, T. & S. F. RY. CO.

(Circuit Court of Appeals, Eighth Circuit. February 14, 1912.)

No. 2,933.

1. CARRIERS (§ 234*)—INJURIES TO PASSENGERS—WAIVER OF LIABILITY—WHAT LAW GOVERNS.

Whether a waiver of liability for injuries, printed on the back of a pass delivered to an employé, was valid, so as to constitute a defense to an action for injuries resulting from the carrier's ordinary negligence, depended on the law of the place of the accident, and not on the law of the place where the pass was delivered, since the rule that a contract will be interpreted according to the law of the place of its execution and delivery does not apply to actions of tort.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1263; Dec. Dig. § 234.*]

2. CARRIERS (§ 307*)—INJURIES TO PASSENGERS—STATUTES.

The Oklahoma statute (Comp. Laws 1909, § 428) providing that a carrier of persons without reward must use ordinary diligence for their safe carriage was only applicable in the absence of contract, and did not

apply to an employé traveling on a pass, who had signed a waiver of liability for any injuries that might occur, which waiver was valid both in Oklahoma and in the federal courts.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1252–1259, 1491; Dec. Dig. § 307.*]

In Error to the Circuit Court of the United States for the Western District of Oklahoma.

Action by Oliver T. Smith against the Atchison, Topeka & Santa Fé Railway Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Austin F. Moss (Russell G. Lowe and Martin E. Turner, on the brief), for plaintiff in error.

S. T. Bledsoe and Charles H. Woods (J. R. Cottingham, on the brief), for defendant in error.

Before VAN DEVANTER, Circuit Judge, and AMIDON and RINER, District Judges.

AMIDON, District Judge. The plaintiff, Smith, was a brakeman in the employ of the defendant company, with his headquarters at Wellington, Kan. For the purpose of enabling him to visit relatives residing at Ferry, in the state of Oklahoma, the defendant issued to him a free round-trip pass from Wellington to that place. On the return trip the train upon which he was a passenger was derailed, in the state of Oklahoma, and the plaintiff received the injuries for which he seeks to recover in this action. As in Northern Pacific Ry. Co. v. Adams, 192 U. S. 440, 24 Sup. Ct. 408, 48 L. Ed. 513, the evidence presents a case of ordinary negligence only, and fails to show either a wanton or willful breach of duty. Upon the back of the pass was the following printed provision, which was signed by the plaintiff:

"This pass is not transferable and must be signed in ink by the holder hereof, and the person accepting it and using it hereby assumes all risks of accidents and damages to person and baggage under any circumstances, whether caused by negligence of agents or otherwise. I accept the above conditions."

At the close of the evidence the trial court directed a verdict in favor of the defendant, and that ruling presents the only error assigned in this court.

[1] Plaintiff's principal contention is that the waiver on the back of the pass was void under a statute of Kansas, as interpreted by its Supreme Court, and, as the pass was delivered in Kansas, it is urged that the validity of the waiver must be determined by the law of that state, though the injury occurred in the state of Oklahoma, under whose laws the waiver was valid. In support of this contention the plaintiff relies upon the general rule that a contract will be interpreted according to the law of the place of its execution and delivery, citing Liverpool & Great Western Steamship Co. v. Phenix Insurance Co., 129 U. S. 397, 9 Sup. Ct. 469, 32 L. Ed. 788. That was an action upon a contract to recover damages for its breach, and

in such a case the rule which plaintiff invokes is generally, though not invariably, enforced. That rule, however, has never been applied in actions of tort like the present. In such cases the law of the place where the injury occurs defines the rights of the parties. The Kensington, 183 U. S. 263, 22 Sup. Ct. 102, 46 L. Ed. 190; Weir v. Rountree, 173 Fed. 776, 97 C. C. A. 500. The courts have uniformly held that a contract exempting a carrier from liability for negligence, valid at the place of its execution and delivery, will not avail as a defense when the injury occurs in a state by whose laws such contracts are declared to be void as against public policy. Having adopted that rule when the law of the place of the injury would impose a liability upon the carrier, can a contrary rule be adopted when such law would protect the carrier by enforcing the contract? We think not. The contract is by its terms tied to the tort, and the same law should be applied to the one as to the other. The attempt to distinguish them met with the following answer by the Supreme Court in Martin v. Pittsburg & Lake Erie R. Co., 203 U. S. 284, 294, 27 Sup. Ct. 100, 102 (51 L. Ed. 184):

"The contention that because, in the cases referred to, the operation of the state laws, which were sustained, was to augment the liability of a carrier, therefore the rulings are inapposite here, where the consequence of the application of the state statute may be to lessen the carrier's liability, rests upon a distinction without a difference."

The pass was not a contract between the plaintiff and the company. It was simply a direction to defendant's conductors to receive and transport the plaintiff upon its trains. It could have been taken up at any time, even in the course of a journey, and the plaintiff required to pay his fare. If a conductor had refused to honor the pass, that would have given no right of action against the company. It would have been simply a case for discipline between the company and its employé for disregarding its directions. It would have given no right of action, because the pass was a gratuity and imposed no legal obligation. In a similar case the Supreme Court used the following language in regard to such a pass:

"Here there was no contract of carriage, and that fact was known to Mrs. Boering. She was simply given permission to ride in the coaches of the defendant." Boering v. Chesapeake Beach Ry. Co., 193 U. S. 442, 450, 24 Sup. Ct. 515, 516 (48 L. Ed. 742).

Such being the nature of the pass, the condition on its back accompanied its use. If that condition was void by the law of the state where the injury occurred, it would be disregarded. If it was valid, it would be enforced. In that view the waiver was a complete defense to this action. N. P. Ry. Co. v. Adams, 192 U. S. 440, 24 Sup. Ct. 408, 48 L. Ed. 513.

[2] Plaintiff also seeks to rest the case upon a statute of Oklahoma, which says:

"A carrier of persons without reward must use ordinary care and diligence for their safe carriage." Comp. Laws 1909, § 428.

He insists that the evidence made out a case for the jury to determine whether the defendant used ordinary care. This statute, how-

ever, declares the law in the absence of contract. Here the plaintiff, by contract valid in Oklahoma and in the federal courts, expressly exonerated the carrier from liability for negligence. If the defendant violated the statute, it was only guilty of negligence, for whose damages the contract was a complete release.

The judgment is affirmed.