### BERGER BERGERSON v. GREAT NORTHERN RAILWAY COMPANY.[1]

January 11, 1924.

No. 23,758.

**No change of theory on part of appellant.**

1. Record examined, and found that appellant has not shifted its position so as to prevent the raising of the questions now urged in this court.

**When free pass is a revocable license.**

2. A free pass, having on its back that it "may be revoked by the railroad company at any time," to ride on trains, is not a contract, but is a license which may be revoked by the licensor at any time.

**Conclusive presumption.**

3. A licensee is conclusively presumed, as a matter of law, to know that a license is revocable at the pleasure of the licensor and if he seeks to travel on a free pass he does so at his peril.

Action in the district court for Ramsey county to recover $5,-053.32 damages for forcible eviction from a train. The case was tried before Bechhoefer, J., who when plaintiff rested denied defendant's motion to dismiss and at the close of the testimony its motion for a directed verdict, and a jury which returned a verdict for $500. From an order denying its motion for judgment notwith-

[1]Reported in 196 N. W. 670.

standing the verdict and its motion for a new trial, unless plaintiff accepted $250, defendant appealed. Reversed and new trial granted.

*F. G. Dorety, A. L. Janes* and *M. L. Countryman, Jr.,* for appellant.

*Willard J. Moran,* for respondent.

WILSON, C. J.

This is an action to recover damages incident to defendant's refusal to honor a free pass issued to plaintiff and his ejectment from a train.

On June 30, 1922, plaintiff was, and for some time had been, an employe of defendant, and was a member of the Federated Shop Crafts Organization. Pursuant to a request from plaintiff, defendant on June 24, 1922, issued a trip pass for him to go to Virginia, Minnesota, and return to St. Paul. A printed statement on the back of the pass said that it "may be revoked by the railroad company at any time." Plaintiff signed the statement on the back of the pass.

Plaintiff left St. Paul on his trip to Virginia at 11:45 p. m. on the night of June 30, 1922, and on the following morning the Federated Shop Crafts went out on strike. On July 10, 1922, plaintiff undertook to return to St. Paul on the pass so issued to him, and for that purpose boarded, in Superior, Wisconsin, defendant's afternoon passenger train for St. Paul. When the conductor called for his fare, he presented the pass and was informed by the conductor that the pass was canceled and was not good.

There is a controversy as to the talk between the plaintiff and this conductor, but, in any event, the plaintiff was required to leave the train at Bruno, Minnesota.

The fare from Superior to St. Paul was $5.22 and from Bruno to St. Paul the fare was $4 and from Bruno to Minneapolis the fare was $3.62. The plaintiff had but $3.50 on his person.

Plaintiff was required to leave the train at Bruno at about 5 p. m. and he then walked ten miles to Askov, another station on defendant's line, arriving there about 8 p. m. where he caught a train at one o'clock the next morning for Minneapolis, he having money enough to cover this mileage. He claims he was exposed to cold, made hungry, tired, humiliated and made sick. Defendant alleged

in its amended answer that it issued the plaintiff a gratuitous trip pass and that it, by its terms, was revocable at any time at the pleasure of defendant; and that it revoked the same on or about July 6, 1922. The jury returned a verdict in favor of the plaintiff for $500 which was reduced by the trial court to $250.

Defendant made an alternative motion for judgment or for a new trial and from the order of the trial court denying the same it has appealed to this court.

Defendant contended on the trial that plaintiff was not an employe on July 10, 1922, and therefore had no right to use the pass at that time.

In the trial of the case, appellant offered evidence to prove that on July 6 it issued instructions by wire that all passes, outstanding in the hands of Shop Craft's employes and their families, be taken up, if presented for transportation; and the court made inquiry of appellant's counsel to ascertain if appellant intended to show that the railroad company by its own volition canceled all passes of a certain kind, and, upon being informed that such was the claim of appellant, the court invited a motion to strike this testimony out— the motion was made and granted. Thereupon appellant's counsel said to the court: "Do I understand that the court now holds that the issuance of this pass is not subject to cancelation or revocation?" The court replied: "Unless it is brought home to the holder  *  *  * I will grant the motion to strike out the evidence bearing upon the question of this revocation." The appellant excepted.

The appellant then made an offer of proof to prove a general revocation of passes held by "representatives of the Shop Crafts organization and to other employes, members of that organization, that were being used by the holders thereof in advancing the causes of the strike," and to this offer the court sustained an objection as immaterial and not within the issues in this particular case and incompetent, to which appellant excepted.

Apparently being so limited by the ruling of the trial court, the parties litigated the question as to whether or not respondent was an employe on July 10, 1922, and the jury determined this question

of fact in favor of respondent and that determination is amply sustained by the evidence.

The various assignments of error made by appellant have been considered and are found without merit except as hereinafter mentioned.

The respondent claims that the appellant, in its motion for new trial, and now, on this appeal, is shifting its position beyond its legal rights, and says that the theory adopted by appellant in the trial court can be best outlined by the reading of its motion to direct a verdict. This motion includes as its grounds the things remaining in the case after the court ruled out the testimony and rejected the offer relative to revocation. It is claimed that appellant, under the decisions of this court, is prevented from shifting its position. Moquist v. Chapel, 62 Minn. 258, 64 N. W. 567; Bates v. B. B. Richards Lbr. Co. 56 Minn. 14, 57 N. W. 218; Engstad v. Syverson, 72 Minn. 188, 75 N. W. 125; Lindquist v. Gibbs, 122 Minn. 205, 142 N. W. 156. We cannot agree with this contention.

The appellant did not lead in adopting the theory upon which this case was tried. After the court struck out the testimony referred to, and then also refused the offer of proof, appellant was required to limit its efforts to the remaining issue. It is to be noted that the trial court struck out the tesimony showing revocation upon which appellant might base his claim of right to revoke at any time, but the trial court also refused appellant's offer to prove a revocation for cause, namely, for the reason that the holder thereof was advancing the cause of the strike. Respondent's counsel in support of the court's refusal to hear the proofs offered says: "But nowhere have they shown or attempted to show that plaintiff was using his pass in advancing the cause of the strike." That is one of the things the court excluded when it refused the offer. Perhaps counsel for appellant was somewhat indefinite in presenting these issues to the trial court, but it is apparent that the trial court was of the opinion that the company could not revoke the pass without notice to the employe, and therefore prevented all proofs of revocation which appellant claimed to have. We hold that upon this record the appel-

lant's claim of error, based upon such exclusion of proofs, is entitled to have our consideration.

A gratuitous pass, such as the one here involved, is not a contract. It does not embrace the elements of a legal contract. It is an instruction to the company's conductors to receive and carry the passee upon its trains. Being a gratuity the pass imposes no legal obligation. It is not a contract to carry, but is a mere permission to ride on the company's trains. The language on the back of the pass reserves the right to revoke at pleasure, but it is doubtful if this reservation adds anything to the already existing legal rights of the company. Such being the attributes of a free pass, we hold it to constitute a license without any consideration in law. Turner v. Richmond & D. R. Co. 70 N. C. 1; Smith v. Atchison, T. & S. F. Ry. Co. 194 Fed. 79, 114 C. C. A. 157; Reed v. Chicago, B. & Q. Ry. Co. 84 Neb. 8, 120 N. W. 442; New York & N. H. R. Co. v. Ketchum, 27 Conn. 170; St. Louis S. W. Ry. Co. of Texas v. Hill (Tex. Civ. App.) 103 S. W. 227; Boering v. Chesapeake Beach Ry. Co. 193 U. S. 442, 24 Sup. Ct. 515, 48 L. ed. 742, 10 C. J. 712.

A free pass being a license is revocable at any time. The above authorities so hold. A licensee is conclusively presumed, as a matter of law, to know that a license is revocable at the pleasure of the licensor, and, if he seeks to travel on a free pass, of the kind here involved, he does so at his peril. Munsch v. Stelter, 109 Minn. 403, 406, 124 N. W. 14, 25 L. R. A. (N. S.) 727, 134 Am. St. 785. Any other doctrine would render most licenses irrevocable and lead to a conclusion that would be the equivalent of making them contracts, which they are not.

There seems no good reason why the same rules which this court has applied to licenses in the use of realty should not apply to a license evidenced by a free pass; and such licenses are revocable at the pleasure of the licensor. Minneapolis Mill Co. v. Minneapolis & St. L. Ry. Co. 51 Minn. 304, 53 N. W. 639; Wilson v. St. Paul, M. & M. Ry. Co. 41 Minn. 56, 42 N. W. 600, 4 L. R. A. 378; Munsch v. Stelter, 109 Minn. 403, 406, 124 N. W. 14, 25 L. R. A. (N. S.) 727, 134 Am. St. 785; City of Hutchinson v. Wegner, 157 Minn. 41, 195 N. W. 535.

This leads us to the conclusion that the ruling of the trial court in striking out testimony and in excluding the offer of proof was erroneous, and, because thereof, a new trial is granted.