# (June 17, 1964)

■ SAMUEL R. HOPKINS, Respondent, v. LONG ISLAND RAIL ROAD COMPANY, Appellant.— In an action to recover damages for personal injury the defendant appeals, as limited by its brief, from a judgment of the Supreme Court, Nassau County, entered February 11, 1964 after trial, upon a jury's verdict in favor of the plaintiff. Judgment reversed on the law, without costs, and complaint dismissed, without costs. Findings of fact implicit in the jury's verdict are affirmed. Plaintiff was an employee, not of this

defendant, but of the Pennsylvania Railroad. He was riding upon defendant's railroad on a free pass issued to him, not as part of his contract of employment, but merely as a gratuity. The reverse side of the pass contained the following condition: "The person accepting and using [the pass] thereby assumes all risk of accident to person or property". Plaintiff admitted knowledge of such condition. Plaintiff was injured as a result of the ordinary negligence of defendant. In our opinion, the pass by its expressly stated condition barred plaintiff's recovery based on the defendant's ordinary negligence, despite the fact that the stated condition did not contain a clause specifically exculpating defendant from liability "by reason of negligence" (*Kansas City. So. Ry.* v. *Van Zant,* 260 U. S. 459; *Quimby* v. *Boston & Maine R. R. Co.,* 150 Mass. 365; *Rogers* v. *Kennebec Steamboat Co.,* 86 Me. 261). We are also of the opinion that, even in the absence of the said stipulation or condition in the pass that plaintiff "assumes all risk of accident," there would be no liability in any event on the part of defendant here. When plaintiff used the pass given to him as a gratuity, plaintiff was not a "passenger" on defendant's railroad, but a mere licensee; and hence, as to the plaintiff, the defendant was not a common carrier (*Northern Pacific Ry. Co.* v. *Adams,* 192 U. S. 440, 453; *Bergerson* v. *Great Northern Ry. Co.,* 158 Minn. 20). To a licensee the defendant owed the duty only of abstaining from affirmative acts of negligence or of not injuring him intentionally (*Mayer* v. *Temple Props.,* 307 N. Y. 559). No breach of such duty is claimed here. Beldock, P. J., Ughetta, Christ, Rabin and Hopkins, JJ., concur.