OPINION OF THE COURT
Sidney Leviss, J.
This is a motion by the defendant Long Island Railroad Company (hereinafter LIRR) for summary judgment dismissing the complaint against it on the ground that the affirmative defense of “pass” in its amended answer is an absolute defense.
Plaintiff alleges that he sustained personal injuries on February 12, 1979 as a result of a fall at Jamaica Station, Queens. At the time of the accident, plaintiff was employed as a yardmaster at the LIRR’s Babylon yard in Suffolk County, New York. After completing his workday, plaintiff departed the Babylon yard for his journey home to Howard Beach, Queens. He traveled from Babylon to Jamaica, Queens, using a “pass” which entitled him to free passage. While descending the stairway from the Jamaica station platform, plaintiff allegedly slipped on a piece of frankfurter roll, causing him to fall four or five steps. As a result of the fall, plaintiff sustained personal injuries.
The LIRR moves for summary judgment on the basis that the “pass” issued to the plaintiff was a gratuity and that the exculpatory language contained therein is a bar to *111 recovery. The pass reads in pertinent part: “4. The user expressly assumes all risk of personal injury or death and loss of, or damage to property and releases this Company, its officers, agents and employees from all liability therefor, whether or not caused by the negligence of this Company, its officers, agents or employees.”
While it has been held that gratuitous passes similar to the one in question operate to release the railroad from liability arising from injuries sustained in the course of passage (see Hopkins v Long Is. R. R. Co., 21 AD2d 814; Litter v Long Is. R. R. Co., 59 Misc 2d 452), the language of this pass cannot be interpreted as a general release of all claims which might arise as a result of injuries sustained on railroad property. (See Lanni v Smith, 89 AD2d 782; see, generally, 19 NY Jur 2d, Compromise, Accord, and Release, § 76.) In order to bar recovery, the pass provisions must be applicable and operative at the time of the accident. (See Montalbano v New York Cent. R. R. Co., 276 App Div 617.) Here, the express language of the pass executed by the LIRR states that the “user” assumes the risk of liability. At the time plaintiff was injured, he was no longer a passenger and his presence at Jamaica station was not dependent on his use of the pass. It is undisputed that the area in which plaintiff was injured was opened to the general public and was not restricted to ticket holders or pass holders. (See Schiller v Pennsylvania R. R. Co., 192 F Supp 502.)
Accordingly, the defendant’s motion for summary judgment is denied.